

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) No. ED101023 |
| | ) |
| Plaintiff/Appellant, | ) Appeal from the Circuit Court of |
| | ) St. Louis County |
| v. | ) |
| | ) |
| JUANITA SCHULTZ, | )  Hon. Brenda Stith Loftin |
| | ) |
| Defendant/Respondent. | ) Filed:  November 18, 2014 |
| | ) |

### Introduction

Portfolio Recovery Associates, LLC (Appellant) appeals from the trial court's judgment entered in favor of Juanita Schultz (Respondent) on Appellant's claims and Respondent's counterclaim.  We reverse and remand.

### Factual and Procedural Background

Appellant is in the business of purchasing charged-off accounts from original creditors. On September 19, 2012, Appellant filed a three-count petition against Respondent for account stated, money had and received, and breach of contract.  Appellant's petition alleged its claims were based on its purchase of Respondent's credit card debt with GE Money Bank/Sam's Club (n/k/a GE Capital Retail Bank) (hereinafter "GE").  Appellant alleged the defaulted account had a balance of $6,644.16.  With respect to each count in its petition, Appellant alleged "[Appellant] is the holder of a valid assignment of the Account with [GE].  [Appellant] has been assigned all

of [GE's] power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise and/or adjustment of the Account."

On October 30, 2012, Respondent filed her answer and counterclaim, later amended on June 25, 2013, denying there was a valid assignment from GE to Appellant and thus Appellant had no standing to sue her. Respondent also alleged violations of the Fair Debt Collections Practices Act, 15 USC § 1692 et seq. (hereinafter "FDCPA") in her counterclaim, stating Appellant was "attempting to collect amounts that it knows it has no right to collect, including without limitation amounts under accounts for which [Appellant] holds no valid assignment or other rights in said account thereby misrepresenting the legal status of the purported debt in violation of 15 USC §1692e…."

On July 24, 2013, a bench trial was held on the matter. Appellant presented documentary evidence of the existence and assignment of the debt from GE to Appellant via a Business Records Affidavit (Exhibit 4) prepared by GE and 30 attached documents, as well as the testimony of Appellant's own custodian of records. Each separate attachment to the affidavit was labeled and presented to the trial court for admission into evidence as a separate exhibit, to-wit: a two-page Bill of Sale (Exhibit 1), a one-page Affidavit of Sale (Exhibit 2), twenty-one pages of Account Statements (Exhibit 3), a one-page Notification File, referred to within the Bill of Sale showing what accounts were purchased, redacted except for Respondent's account information (Exhibit 5), and a six-page Cardholder Agreement (Exhibit 6).

Appellant noted the Business Records Affidavit and accompanying documents were the same business records used in support of its Motion for Summary Judgment filed on May 2, 2013, and denied by the trial court on July 10, 2013. Within Appellant's Motion for Summary Judgment, the Business Records Affidavit and records were presented as a single exhibit (Exhibit

2

1).  The attachments to the affidavit were listed as 1.1 (Bill of Sale), 1.2 (Affidavit of Sale), 1.3 (Account Statements), and 1.4 (Card Agreement).

Respondent argued all of this evidence constituted hearsay, and Exhibit 4, the Business Records Affidavit, was insufficient on its face to get the attached documents into evidence under the business records exception, because it did not specify what the 30 attached pages of documents were.  Appellant maintained the affidavit did not have to make such a specification.  The trial court ruled it would take the admissibility issue under submission with the case.

Respondent offered into evidence Exhibit A, her affidavit which stated "I, Juanita Schultz, deny this is my debt and if it is my debt, I deny that it is a valid debt and if it is a valid debt, I deny the amount sued for is the correct amount."  Appellant objected to Exhibit A on the ground that it stated legal conclusions and was provided to Appellant only one day prior to trial.  The trial court admitted Exhibit A over Appellant's objection.

On September 13, 2013, the trial court entered judgment in favor of Respondent and against Appellant on both the petition and counterclaim.  The trial court held the GE Business Records Affidavit (Exhibit 4) was insufficient and therefore the attachments purported to be admissible as business records by virtue of Exhibit 4 were likewise inadmissible.  As such, the trial court found Appellant failed to produce competent documentation of a valid assignment of the account from GE, leaving Appellant without standing to pursue the claims asserted in its Petition.

In finding in favor of Respondent on her counterclaim, the trial court determined Appellant's actions constituted a misleading representation in connection with the collection of a debt in violation of 15 U.S.C. § 1692e of the FDCPA and awarded Respondent $500 as statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  This appeal follows.

## Points Relied On

In its first point, Appellant asserts the trial court erred in finding in favor of Respondent on her counterclaim because she failed to present evidence Appellant is a "debt collector," Respondent is a "consumer," the amount owed was a "debt," or that Appellant violated a provision of the FDCPA.

In its second point, Appellant maintains the trial court erred in finding the Business Records Affidavit and its attachments were inadmissible because the affidavit failed to state what records were attached, when the affidavit was not required to state what records were attached.

In its third point, Appellant claims the trial court erred in finding the Business Records Affidavit was insufficient for failure to state the affiant had knowledge of the mode of preparation of the records, because the affiant did have knowledge of the mode of preparation of the records.

In its fourth point, Appellant contends the trial court erred in finding it lacked standing to sue, because it presented a bill of sale, a redacted notification file, and testimony in support of standing.

In its fifth point, Appellant states the trial court erred in admitting Respondent's Exhibit A, an affidavit signed by Respondent, because it lacked foundation and was testimonial, hearsay, a legal conclusion, self-serving, contradictory, and not based on personal knowledge nor timely produced to Appellant's counsel.

## Standard of Review

In a court-tried case, the judgment of the trial court will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law.  C & W Asset Acquisition, LLC v. Somogyi, 136

4

S.W.3d 134, 141 (Mo.App. S.D. 2004). The power to set aside a judgment on the ground that it is against the weight of the evidence must be exercised with caution and only with the firm belief that the decree or judgment is wrong. Id.; Murphy v. Carron, 536 S.W.2d 30, 32 (Mo.banc 1976).

The admissibility of evidence lies within the sound discretion of the trial court; therefore, there can be no error absent a showing that the court abused its discretion. C & W Asset Acquisition, LLC, 136 S.W.3d at 137; Giddens v. Kansas City Southern Ry. Co., 29 S.W.3d 813, 819 (Mo.banc 2000). In reviewing for an abuse of discretion, we presume the trial court's ruling is correct, and reverse only when that ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. C & W Asset Acquisition, LLC, 136 S.W.3d at 137; Anglim v. Mo. Pac. R.R. Co., 832 S.W.2d 298, 303 (Mo.banc 1992).

## Discussion

For organizational purposes and fluidity of discussion, we address the points on appeal out of order.

### Business Records Affidavit

### Points II and III

In support of its second and third points, Appellant maintains the Business Records Affidavit was sufficient because it conformed with the language in Section 490.692[1]; Section 490.692 does not require the attachments to a business records affidavit to be listed therein and it was clear from the record what was attached to the business records affidavit; and the affidavit

---

[1] All statutory references are to RSMo 2006, unless otherwise indicated.

stated the affiant had knowledge of the mode of preparation of the attached records and the

affiant did have such knowledge.

Section 490.680, which sets forth the foundational requirements for a document to be

admitted under the business record exception to the hearsay rule, provides:

> A record of an act, condition or event, shall, insofar as relevant, be competent
> evidence if the custodian or other qualified witness testifies to its identity and the
> mode of its preparation, and if it was made in the course of business, at or near the
> time of the act, condition or event, and if, in the opinion of the court, the sources
> of information, method and time of preparation were such as to justify its
> admission.

Section 490.692, which allows business records to be submitted by the affidavit of a

custodian or other qualified witness in lieu of testifying personally, states in pertinent part:

> 1.  Any records or copies of records reproduced in the ordinary course of
> business ... that would be admissible under sections 490.660 to 490.690 shall be
> admissible as a business record, subject to other substantive or procedural
> objections, in any court in this state upon the affidavit of the person who would
> otherwise provide the prerequisites of sections 490.660 to 490.690, that the
> records attached to the affidavit were kept as required by section 490.680.

It has been said Section 490.692:

> provides a practical way to avoid the necessity of a personal appearance by a
> records custodian.  Upon compliance with §§ 490.680 and 490.692, business
> records may be admitted into evidence without any additional direct testimony.
> The court's decision whether to admit the business records remains a
> discretionary determination of the trustworthiness of the records.

Tebow v. Dir. of Revenue, 921 S.W.2d 110, 113 (Mo.App. W.D. 1996), cited in C & W Asset

Acquisition, LLC, 136 S.W.3d at 138.

When the enumerated statutory requirements are met, the statute invests the record with a

presumptive verity, and so excepts it from the hearsay rule.  C & W Asset Acquisition, LLC, 136

S.W.3d at 138, citing Davolt v. Highland, 119 S.W.3d 118, 134 (Mo.App. W.D. 2003).  The trial

court has broad discretion in determining whether a party properly complied with this provision.

Waldron v. Ragland, 716 S.W.2d 861, 862 (Mo.App. E.D. 1986).

6

Here, the custodian of GE's business records sought to be admitted under the exception was GE's Recovery Liaison Specialist, Cari A. DeVine (DeVine). DeVine's sworn testimony was submitted by the Business Records Affidavit (Exhibit 4). In the affidavit, DeVine testified to all of the requirements set forth in Sections 490.680 and 490.692. She affied she had personal knowledge of the business records of GE and the 30 documents attached to the affidavit represented those returned from GE's systems of record, were true and accurate duplicates of the original business records maintained by GE, were made by GE as a regular practice during its regularly conducted business activity, and were set forth by, or from information transmitted by, a person with knowledge of those matters. The affidavit in its substantive entirety is set forth as follows:

BUSINESS RECORDS AFFIDAVIT
Pursuant to RSMO §490.692

BEFORE ME, the undersigned authority, personally appeared the herein named Affiant, who, being by me duly sworn, deposed as follows:

1. I, the below-signed Affiant, am an adult citizen of the United States of America.

2. This Affidavit is made in conjunction with G.E. Capital Retail Bank's response to the request by Portfolio Recovery Associates, LLC in the matter of Portfolio Recovery Associates, LLC v. Schultz, Juanita dated March 26, 2013.

3. I am employed by G.E. Capital Retail Bank, as a Recovery Liaison Specialist. In this position I have personal knowledge of the business records of and am a qualified person authorized to swear and declare on behalf of G.E. Capital Retail Bank ("G.E.") that the 30 documents attached hereto represent those responsive to any reasonable request as returned from a reasonably diligent search of G.E.'s systems of record and are true and accurate duplicates of the original business records maintained by G.E.

4. I further certify that the documents attached hereto (i) were made at or near the time of the occurrence of the matters set forth by, or information transmitted by, a person with knowledge of those matters; (ii) were kept in the course of the regularly conducted business activity of G.E.; and (iii) were made by G.E. as a regular practice during its regular conducted business activity.

7

The authenticity of the 30 documents at issue was established by this Business Records Affidavit from GE, which generated the documents. The wording of the affidavit is in all relevant respects substantially identical to the form affidavit provided within Section 490.692 itself:

AFFIDAVIT

Before me, the undersigned authority, personally appeared …. , who, being by me duly sworn, deposed as follows:

My name is …. , I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of ….

Attached hereto are …. pages of records from …. These …. pages of records are kept by …. in the regular course of business, and it was the regular course of business of …. for an employee or representative of …. with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the original or exact duplicates of the original.

_____
Affiant

Section 490.692.3.

The trial court found the affidavit was insufficient because it did not set forth the "mode of preparation" of the documents, as required by Section 490.680. However, the mode of preparation of the documents is clearly set forth in paragraph 4 of the affidavit. The trial court also found the affidavit insufficient because the 30 records were neither attached nor described in the affidavit. However, the record shows the 30 pages of records were attached to the affidavit, as set forth in the affidavit itself and at trial. The 30 pages were merely separated at trial into their discrete individual records for purposes of introduction, description and submission.

Further, there is no requirement that each document be described in the affidavit, and the trial court points to no authority holding otherwise. Rather, the form affidavit in Section 490.692

8

makes perfectly clear that indication of the number of pages attached as business records is sufficient and all that is required for the affiant to establish their authenticity as business records.

Appellant presented its own custodian of records, Meryl Dreano (Dreano), to testify as a witness. Dreano testified Appellant purchased Respondent's credit card account from GE, as shown by the following business records attached to the Business Records Affidavit generated by GE. Dreano stated a Bill of Sale (Exhibit 1) and a Notification File (Exhibit 5), a document referred to within the Bill of Sale showing what accounts were purchased by Appellant from GE, demonstrated the assignment of the debt from GE to Appellant. Dreano testified an Affidavit of Sale (Exhibit 2) stated Appellant owns the account and purchased it from GE. Dreano referred to further evidence of seven monthly Billing or Account Statements (Exhibit 3) received by Appellant from GE showing purchases and payments made by Respondent on the account with the last payment made on August 6, 2010 and a final balance of $6,644.16, the same balance as stated in the Notification File. Dreano testified Appellant also received the Cardholder Agreement (Exhibit 6) relating to Respondent's account from GE.

The authenticity of the documents was established by the Business Records Affidavit from GE, which generated the documents. The evidence was admissible under the business records exception to hearsay by virtue of their attachment to the Business Records Affidavit (Exhibit 4), signed by affiant of GE custodian DeVine.

Based on the foregoing, Appellant's Points II and III are well taken. The trial court abused its discretion in finding the Business Records Affidavit insufficient and excluding it and the attached business records from the evidence. Points II and III are granted.

9

Proof of Assignment and Standing

Point IV

Appellant contends the trial court erred in finding it lacked standing to sue Respondent because it presented a bill of sale, a redacted notification file, and testimony in support of standing.   A party has standing to sue when it has an interest in the subject matter of the suit that gives it a right to recovery, if validated.  Midwestern Health Mgmt., Inc. v. Walker, 208 S.W.3d 295, 298 (Mo.App. W.D. 2006).  Courts have a duty to determine if a party has standing prior to addressing the substantive issues of the case.  Farmer v. Kinder, 89 S.W.3d 447, 451 (Mo. banc 2002).   Because standing is a question of law, review of the issue on appeal is *de novo*.  Miller v. City of Arnold, 254 S.W.3d 249, 252 (Mo.App. E.D. 2008).  In cases that involve a party attempting to recover on an account owed to some other party, proof of an assignment of the account is essential to a recovery.  Midwestern Health Mgmt., Inc., 208 S.W.3d at 298.  The party must show clearly through a valid assignment it is the rightful owner of the account at issue.  C & W Asset Acquisition, LLC, 136 S.W.3d at 140.

At trial, Appellant attempted to establish the assignment of Respondent's debt from GE to Appellant by presenting into evidence Exhibit 4, the Business Records Affidavit, and its attachments Exhibits 1, 2, 3, 5, and 6, but was precluded from doing so by the trial court, which found the affidavit insufficient and attached records inadmissible.  As such, Appellant could not prove a valid assignment of the debt.

However, we have determined Appellant's affidavit from GE laid a sufficient foundation for the admission of the attached records under the business records exception and therefore the records were admissible to establish a valid assignment.  The trial court erred in excluding them. Therefore, Point IV is granted.

10

Counterclaim of FDCPA Violation

Point I

In its first point, Appellant asserts the trial court erred in finding in favor of Respondent on her counterclaim because she failed to present evidence Appellant is a "debt collector," Respondent is a "consumer," the amount owed was a "debt," or that Appellant violated a provision of the FDCPA.

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(a); Royal Financial Group, LLC v. Perkins, 414 S.W.3d 501, 505 (Mo.App. E.D. 2013). Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims. Royal Financial Group, LLC, 414 S.W.3d at 505. The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. Id. Statements contained in pleadings and other court filings are actionable under the FDCPA. Id. Actions of a debt collector are evaluated through the lens of an "unsophisticated consumer," meaning consumers of "below average sophistication or intelligence." Id.

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3); Rhodes v. Westoak Realty & Inv., Inc., 983 S.W.2d 565, 567 (Mo.App. E.D. 1998). Clearly, Respondent fits into this definition as alleged in the petition and as Appellant attempted to prove by its proffered documentary evidence and testimony.

Section 1692a(6) defines a "debt collector" as:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... The term does not include—

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity …

11

(iii) concerns a debt which was not in default at the time it was obtained by such person; ...

Vogler v. Grier Group Management Co., 309 S.W.3d 328, 331 (Mo.App. E.D. 2010).

Appellant claims in its pleadings that it was assigned Respondent's alleged defaulted debt from GE, and that it has attempted to collect the assigned debt from Respondent, to-wit: "That [Respondent] has failed to pay off the debt and a balance of $6644.16 remains due and outstanding …that [Appellant] relied on information and certain documents obtained from the original creditor [GE], in collecting on this matter and in subsequently bringing its lawsuit against [Respondent] …." It is clear from the pleadings that the purpose of this lawsuit was to collect a "debt" from Appellant.

However, although this lawsuit generally comes within the auspices of the FDCPA, we find that Appellant did not violate the FDCPA by bringing this lawsuit with no competent evidence to support it, because Appellant substantiated via competent evidence at trial the claims asserted in its petition, to-wit: "[Appellant] is the holder of a valid assignment of the Account with [GE]. [Appellant] has been assigned all of [GE's] power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise and/or adjustment of the Account." The trial court merely wrongfully deemed the evidence inadmissible and refused to consider it in support of Appellant's claims.

Because we reverse the trial court's judgment that the evidence presented by Appellant to prove a valid assignment was inadmissible, we also reverse the trial court's finding that Appellant violated Section 1692(e) of the FDCPA by suing Respondent with no competent evidence to support its claims against her and thereby making a misleading representation in connection with the collection of a debt. See, e.g., Section 1692(e)(5); Royal Financial Group, LLC v. Perkins, 414 S.W.3d 501, 505-506 (Mo.App. E.D. 2013). We find Appellant attempted

12

to show it is the rightful owner of the defaulted account at issue through admissible evidence. Appellant legally prosecuted its claim against Respondent. Appellant did not run afoul of the FDCPA through misrepresentation, fraud or deceit by presenting evidence it knew would not sustain its claims in its attempt to collect the debt from Respondent.

For the foregoing reasons, the trial court erred in granting Respondent's counterclaim. Point I is granted.

### Affidavit of Sworn Denial

### Point V

Appellant states the trial court erred in admitting Respondent's affidavit of her sworn denial of the debt, because it lacked foundation and was testimonial, hearsay, a legal conclusion, self-serving, contradictory, and not based on personal knowledge nor timely produced. This point is moot because the judgment on both Appellant's claims and Respondent's counterclaim is reversed. Accordingly, Point V is denied.

### Conclusion

The judgment of the trial court on both Appellant's claims and Respondent's counter-claim is reversed and this cause is remanded for a new trial at which the trial court is instructed to admit into evidence the 30 pages of business records attached to the Business Records Affidavit of GE in accordance with this opinion.[2]



Sherri B. Sullivan, J.

Mary K. Hoff, J., and
Philip M. Hess, J., concur.

---

[2] Respondent's motion for attorney's fees, expenses and costs on appeal is denied.

13