In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

 KHOI M. LE, ) No. ED108963
 )
 Appellant, ) Appeal from the Circuit Court of
 ) the City of St. Louis
 vs. )
 ) Honorable Katherine M. Fowler
 BRENDA M. LE, N/K/A PATTERSON, )
 )
 Respondent. ) Filed: December 14, 2021

 Introduction

 Khoi Le (“Father”) appeals the trial court’s denial of his motions for (1) termination of

child support, (2) reimbursement for overpaid child support, (3) the trial court’s grant of Brenda

Patterson’s (“Mother”) motion to hold Father in contempt for failure to pay outstanding support

obligations, and (4) the trial court’s grant of attorney’s fees to Mother.

 Father raises four points on appeal. In Point I, Father argues the trial court erred by

finding he had to pay his son’s (“L.K.”) college and housing expenses under Mo. Rev. Stat.

§ 452.340.5.1 In Point II, Father argues the trial court erred by finding he owed $14,363.18 in

post-secondary education costs and holding him in contempt for failure to pay. In Point III,

Father argues the trial court abused its discretion by overruling his objection to the admission of

1
 All statutory references are to RSMo (2019) unless otherwise indicated.
L.K.’s medical records. In Point IV, Father argues the trial court erred by ordering him to pay

$26,871.06 of Mother’s attorney’s fees.

 We affirm the judgment and award of attorney’s fees.

 Factual and Procedural Background

 Father and Mother have one child, L.K., born in 1999. The parties divorced in 2008.

Father is a cardiologist and earns over $1,000,000 per year.2 Mother is a nurse practitioner and

earns approximately $85,000 per year. L.K. is a college student. He attended Missouri

University of Science and Technology (“Missouri S&T”) from the Fall 2017 semester until the

Spring 2019 semester but has since transferred to St. Louis Community College. L.K. has

diagnoses of attention deficit hyperactivity disorder (“ADHD”), bipolar disorder, depression,

anxiety, and dysgraphia. L.K.’s disorders affect his performance in school and are treated with

therapy and medication.

 Father’s support obligation is governed by a 2014 modification to the parties’ dissolution

judgment, which requires him to pay $3,000 per month in child support. The judgment further

requires Father to pay for 80% of L.K.’s medical care, extracurricular activities, and post-

secondary education costs, “not to exceed the cost for in-state tuition, room and board at the

University of Missouri-Columbia in the applicable years, for a maximum of five years.” In

2017, L.K. graduated from high school and elected to attend Missouri S&T to pursue an

engineering degree.

 In August 2017, Mother moved to “cite and punish [Father] for contempt and to reduce

amount owed to judgment,” alleging Father failed to comply with his financial obligations to

2
 Father’s precise income is not in the record because he refused to comply with the trial court’s discovery orders.

 2
L.K. In September 2017, Father moved to reduce his monthly support obligation under the

dissolution judgment. The parties conducted discovery until, in October 2018, Father failed to

timely respond to Mother’s discovery requests. Due to concerns Father’s delay would cause

L.K. to miss payment deadlines for his upcoming semester at Missouri S&T, the parties entered a

consent order for Father to pay $14,000 toward L.K.’s education costs in December 2018. The

consent order did not waive the parties’ right to contest whether and how much Father should

have had to pay.

 On February 20, 2019, Father moved to terminate his child support obligation and to be

reimbursed for past overpayment. Father alleged L.K. emancipated in January 2018 because he

failed to complete at least twelve credit hours in the Spring 2018 semester and did not qualify for

work-based or disability-based exceptions to the credit hour requirements of Mo. Rev. Stat.

§ 452.340.5. Although L.K. enrolled in classes worth fifteen credit hours in the Spring 2018

semester, he failed to complete at least twelve hours because he dropped a four-credit calculus

course to avoid a poor grade. Although L.K. completed fourteen credit hours in the Fall 2018

semester, he again failed to complete at least twelve credit hours in the Spring 2019 semester.

L.K. made up his missed credits by enrolling in and completing courses at St. Louis Community

College during the summers of 2018 and 2019.

 The trial court heard Father’s motions to terminate support and for reimbursement and

Mother’s motion to hold Father in contempt for failure to comply with the court’s orders on

October 9, 2019. The trial court found L.K. complied with the enrollment requirements of

section 452.340.5 because his developmental disabilities excepted him from its full-time

enrollment requirements; denied Father’s motions to terminate child support and for

reimbursement; found Father has a continuing obligation to financially support L.K. under the

 3
terms of the 2014 modification order; found Father in contempt for failure to comply with his

support obligations; and ordered Father to reimburse Mother $6,122.58 for medical expenses,

$643.58 for extracurricular activities, $14,363.18 for educational expenses, $4,000 in child

support after crediting Father’s $14,000 payment from the December 2018 consent order, and

$26,871.06 for Mother’s attorney’s fees.

 This appeal follows. Additional factual and procedural history will be provided below

as necessary to address Appellant’s claims.

 Standard of Review

 Points I-III

 In a court-tried case, the trial court’s judgment will be affirmed unless there is no

substantial evidence to support it, it is against the weight of the evidence, it erroneously declares

the law, or it erroneously applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc

1976). “We view all evidence and reasonable inferences in the light most favorable to the

prevailing party.” Hughes v. Hughes, 505 S.W.3d 458, 462 (Mo. App. E.D. 2016). We

“exercise extreme caution in considering whether a judgment should be set aside on the ground

that it is against the weight of the evidence and will do so only upon a firm belief that the

judgment is wrong.” Stuart v. Ford, 292 S.W.3d 508, 514 (Mo. App. S.D. 2009). We defer to

the trial court’s superior opportunity to judge witness credibility and the court could believe or

disbelieve all, part, or none of any witness’s testimony. Id.

 When considering a motion to modify or terminate maintenance obligations, the trial

court has “considerable discretion, and the appellant must prove an abuse of that discretion.”

Arndt v. Arndt, 519 S.W.3d 890, 899 (Mo. App. E.D. 2017). Similarly, “the admissibility of

evidence lies within the sound discretion of the trial court; therefore, there can be no error absent

 4
a showing that the court abused its discretion.” Portfolio Recovery Assoc., LLC v. Schultz, 449

S.W.3d 427, 431 (Mo. App. E.D. 2014). “Even if we find an abuse of discretion, we will reverse

only if the prejudice resulting from the improper admission of evidence is outcome-

determinative.” Holdeman v. Stratman, 556 S.W.3d 46, 50 (Mo. App. W.D. 2018).

 “We presume the trial court’s ruling is correct, and reverse only when that ruling is

clearly against the logic of the circumstances then before the court and is so arbitrary and

unreasonable as to shock the sense of justice and indicate a lack of careful consideration.” Id.

The trial court has not abused its discretion if reasonable persons can differ about the propriety of

the trial court’s decision. Id.

 Point IV

 Attorney’s fee awards are reviewed for abuse of discretion. Bryant v. Bryant, 351

S.W.3d 681, 691 (Mo. App. E.D. 2011). An award of attorney’s fees is an abuse of discretion

and requires reversal only if it is “clearly against the logic of the circumstances then before the

court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of

careful consideration. City of Byrnes Mill v. Limesand, 599 S.W.3d 466, 477 (Mo. App. E.D.

2020).

 Discussion

 Point I: L.K.’s Enrollment at Missouri S&T Complied with Section 452.340.5

 Mo. Rev. Stat. § 452.340.5 provides parental support obligations may continue beyond

age eighteen “so long as the child enrolls for and completes at least twelve hours of credit each

semester, not including the summer semester” in an institution of vocational or higher education,

 5
subject to multiple exceptions. As relevant here, section 452.340.5 exempts students with

qualifying disabilities from the twelve-credit hour per semester requirement.

 L.K. failed to complete at least twelve credit hours in the Spring 2018 and Spring 2019

semesters. The parties dispute L.K.’s eligibility for the disability exception under section

452.340.5. The exception provides students with a developmental disability as defined in Mo.

Rev. Stat. § 630.0053 need not meet the twelve-credit hour requirement if they remain enrolled in

their program and meet the other requirements of section 452.340.5.

 The trial court relied on the testimony and records of Dr. Ann Glowinski and Dr. David

Brunts, and found L.K.’s ADHD, bipolar disorder, anxiety, and dysgraphia constituted

developmental disabilities under section 630.005. Dr. Glowinski treated L.K. throughout his

childhood and testified L.K. experienced severe symptoms of his disabilities that directly

affected his academic performance. Similarly, Dr. Brunts treated L.K. during his adolescence

and testified (1) L.K.’s ADHD contributed to his academic struggles and (2) L.K.’s ADHD was

likely to continue to impair him into early adulthood. The court credited the opinions of Drs.

Glowinski and Brunts and found Father’s unsupported contrary claim L.K.’s learning disabilities

only affect his social interactions and not his academic performance, not credible.

 The court further noted Missouri courts liberally construe section 452.340.5 to be

“consistent with the public policy interest of encouraging children to pursue higher education.”

Kasten v. Frenz, 109 S.W.3d 210, 213 (Mo. App. W.D. 2003). The court concluded L.K.’s

failure to complete twelve credit hours in the Spring 2018 and 2019 semesters was due to

3
 Under section 630.005, “developmental disability” includes disabilities “attributable to intellectual disability,
cerebral palsy, epilepsy, head injury or autism, or a learning disability related to a brain dysfunction.”

 6
“manifest circumstances beyond his control as contemplated in section 452.340.5” and ordered

Father to continue financially supporting L.K.

 Father argues L.K. cannot be excepted from section 452.340.5’s twelve-credit hour

requirement because his disabilities do not qualify as developmental disabilities. Father argues

L.K.’s disabilities are irrelevant to his academic struggles, emphasizing L.K. admitted he

dropped his calculus class because he performed poorly on his first exam, struggled to

understand the course material, and was denied accommodations by Missouri S&T’s math and

science departments. Father further notes L.K. admitted he used alcohol and marijuana, which

contributed to his failure to adequately study and prepare for class.

 Father next argues the trial court should not have credited L.K.’s doctors’ opinions about

L.K.’s ability to maintain a full-time class schedule in college. Father asserts the trial court

assigned too much weight to the testimony and records of Dr. Glowinski, the doctor who first

diagnosed L.K. with ADHD in 2008. Father argues Dr. Glowinski’s testimony and opinions

were not credible because she did not know of L.K.’s habits and conduct in college. Father also

argues the court should not have admitted records kept by Dr. Paul Simons because (1) Mother

failed to file a Certificate of Service and Notice of Intent to introduce the records; (2) Mother

failed to provide the records to Father; and (3) the records were inadmissible and irrelevant.

Similarly, Father argues the trial court improperly admitted and relied on records of L.K.’s

treatments at Hyland Behavioral Health (“Hyland Behavioral”).

 Finally, Father claims the trial court should not have relied on Mother and Father’s

respective testimony about their understanding of L.K.’s mental health in college because “most

of their information was second hand.” Father argues L.K.’s testimony is the most credible

source of information about his mental health struggles in college and asserts L.K.’s testimony

 7
did not establish his disabilities caused him to fail to complete twelve credit hours per semester.

Father concludes the weight of the evidence indicates L.K.’s failure to maintain full time

enrollment was caused by his “difficulty with higher level math and the competitiveness and

difficulty of his selected degree and school and not [his] medical conditions.”

 Mother correctly notes “weight of the evidence” arguments require appellants to

complete four steps: (1) identify a challenged factual proposition necessary to sustain the

judgment; (2) identify all favorable evidence in the record supporting the proposition; (3)

identify evidence in the record contrary to the proposition, resolving all conflicts in testimony

according to the trial court’s credibility determinations; and (4) demonstrate why the favorable

evidence and reasonable inferences drawn from the evidence is so lacking in probative value,

considered in the totality of the evidence, that it fails to induce belief in the proposition. Lazarus

v. Jacob, 597 S.W.3d 389, 395 (Mo. App. S.D. 2020). Mother argues Father failed to properly

marshal all evidence in the record favorable to the judgment, instead “cherry picking” snippets of

L.K.’s testimony without analyzing the evidence supporting the judgment, including the

testimony and records of L.K.’s doctors and Mother’s testimony.

 We agree. “Adherence to this analytical formula is mandatory not just because this Court

says so, but because it reflects the underlying criteria necessary for a successful challenge – the

absence of any such criteria, even without a court-formulated sequence, dooms an appellant’s

challenge.” Interest of R.J.M, 571 S.W.3d 219, 224 (Mo. App. S.D. 2019) (quoting Nichols v.

Belleview R-III Sch. Dist., 528 S.W.3d 918, 928 (Mo. App. S.D. 2017)). Father’s failure to

follow the formula is fatal to his claim.

 Even had Father followed the mandatory analytical formula required of weight of the

evidence challenges, his argument would fail. We review the evidence in the light most

 8
favorable to the judgment and “exercise extreme caution in considering whether a judgment

should be set aside on the ground that it is against the weight of the evidence and will do so only

upon a firm belief that the judgment is wrong.” Stuart, 292 S.W.3d at 514. We defer to the trial

court’s superior opportunity to judge witness credibility. Id. The trial court found Mother’s

testimony and L.K.’s doctors’ testimony L.K.’s ADHD, bipolar disorder, anxiety, and dysgraphia

constituted developmental disabilities credible and Father’s contrary testimony not credible.

Nothing in the record suggests the trial court’s credibility determinations were incorrect or

supports a “firm belief” the judgment was wrong. Stuart, 292 S.W.3d at 514. Further, we defer

to the trial court’s “considerable discretion” to determine whether maintenance obligations

should be terminated or modified. Arndt, 519 S.W.3d at 899. The trial court’s decision followed

our courts’ public policy interest of encouraging children to pursue higher education. Kasten,

109 S.W.3d at 213.

 Point I is denied.

 Point II: The Trial Court Correctly Found Father Owes $14,363.18 in Education Expenses

 The trial court found Father was $14,363.18 in arrears for his share of L.K.’s post-

secondary education expense obligation and held him in contempt. Father claims he should not

have been held in contempt because (1) the dissolution judgment was unenforceable for

vagueness and (2) Father’s nonpayment was not contumacious.

 A. The Dissolution Judgment is Enforceable

 9
 Father asserts he should not have been found in contempt for failing to reimburse Mother

for his share of L.K.’s expenses because the 2014 dissolution judgment is unenforceably vague

and indefinite. Father argues the judgment failed to clearly establish which college-related

expenses he had to pay in addition to his regular $3,000 per month obligation. Father also claims

the dissolution judgment failed to differentiate between “post-secondary costs” and “post-

secondary expenses,” account for tuition reimbursements paid by Mother’s employer, or

establish whether Father’s support obligation was limited to tuition and living expenses or if it

reached “anything directly related to L.K.’s education.” Father asserts the vague nature of the

judgment allowed Mother to improperly include expenses in her support calculations, such as

college application and standardized test fees.

 Father relies on Pratt v. Ferber to argue support orders must “sufficiently identify the

categories of items for which a parent is financially responsible, using limiting criteria so . . . the

parent’s obligation is not open-ended and the exact amount due can be determined by ministerial

computation or evidence presented at a hearing.” 335 S.W.3d 90, 95 (Mo. App. E.D. 2011)

(citing Echele v. Echele, 782 S.W.2d 430 (Mo. App. E.D. 1989) (abrogated on other grounds)).

He concludes the dissolution judgment failed to meet this standard.

 Mother argues the dissolution judgment is not vague and is sufficiently definite to

enforce. Mother notes Father complied with the judgment for several years without objecting to

its terms, challenging Mother’s accounting of costs, or reviewing L.K.’s bills. Mother argues the

terms this Court explained were unenforceable and vague in Pratt are distinguishable from the

dissolution judgment’s terms here.

 In Pratt, this Court stated support orders may be unenforceably vague if they require a

parent to “pay for college education” or make “all school payments” without “limiting criteria as

 10
to costs at a specific vocational, technical school, or state or private college or university”

because “the costs of attending any such institution vary greatly, and, as such, the order is open

ended.” 335 S.W.3d at 95-96. Mother argues the dissolution judgment here follows Pratt

because it limits Father’s maximum financial obligation to the cost of in-state tuition, room and

board at the University of Missouri – Columbia for five years.

 We agree with Mother. Nothing in the record suggests the dissolution judgment violates

the vagueness principles established in Pratt and Echele. Missouri courts have held support

judgments unenforceable when they impose costs on a parent without limitations of scope or

expense. See Pratt, 335 S.W.3d at 95-96 (support judgment requiring the father to pay one-half

of all extracurricular activities the mother enrolled the minor child in without limitation was

unenforceable); Echele, 782 S.W.2d at 434 (requiring the father to “make all school payments

for children” and “pay for college education” without limitation was vague); Fulton v. Adams,

924 S.W.2d 548, 552 (Mo. App. W.D. 1996) (requiring the father to pay one-half of the child’s

college costs if she attended a public university or one-fourth the child’s costs if she attended a

private university was vague).

 The vagueness in Pratt, Echele, and Fulton is not present here. Father’s support

obligation was limited in cost and time by the in-state tuition and room and board rates of the

University of Missouri for five years. Mother recorded every relevant expense L.K. incurred and

shared proof of each expense with Father. Father never objected to the expenses. The trial

court’s conclusion the dissolution judgment is enforceable was therefore not against the weight

of the evidence.

 B. The Trial Court did not Abuse its Discretion by Holding Father in Contempt

 11
 “This Court will not reverse the trial court’s ruling on a civil contempt motion absent a

clear abuse of discretion.” Wuebbeling v. Wuebbeling, 574 S.W.3d 317, 330 (Mo. App. E.D.

2019). Abuse of discretion occurs if the trial court’s ruling “is clearly against the logic of the

circumstance then before the court and is so arbitrary and unreasonable as to shock the sense of

justice and indicate a lack of careful consideration.” Id. “To support a charge of contempt for

disobedience of a judgment, decree, or order, the court’s pronouncement may not be expanded

by implication in the contempt proceeding and must be so definite and specific as to leave no

reasonable basis for doubt of its meaning.” Id. at 330.

 The record is clear Father intentionally disobeyed the dissolution judgment and

obstructed this case’s resolution. Father “flagrantly disregarded” the trial court’s orders to

continue paying support, intentionally prolonged the litigation by violating his discovery

obligations, and repeatedly requested continuances. Further, Father falsely claimed Mother

failed to inform him of L.K.’s academic performance and Father “had no adequate explanation

for his refusal to respond to hundreds of communications from Mother regarding

reimbursements.” The court concluded Father’s conduct unnecessarily increased Mother’s costs.

 We agree with the trial court’s findings and conclude the court did not abuse its

discretion by finding Father’s conduct was contumacious and awarding fees to Mother. Father

ignored court orders, obstructed resolution of this litigation, and did not offer an acceptable

justification for his repeated failure to comply with his support obligation. Nothing in the record

suggests the trial court’s contempt finding was arbitrary, unreasonable, or against the logic of the

circumstances. Wuebbeling, 574 S.W.3d at 330.

 Point II is denied.

 12
 Point III: Admission of L.K.’s Medical Records

 The trial court admitted L.K.’s medical records into evidence and relied on them in

reaching its judgment. Father raised hearsay objections to the admission of certain records,

arguing they did not qualify for the business record hearsay exception under the Business

Records Act, Mo. Rev. Stat § 490.660 et seq. Specifically, Father objected to records kept by

Dr. Paul Simons, Dr. David Brunts, and Hyland Behavioral.4

 A. Dr. Brunts

 Dr. Brunts was deposed, and his records were used as an exhibit at trial. Mother’s

counsel did not formally move to admit the records into evidence. Father argues the trial court’s

failure to admit Dr. Brunts’s records prevented the court from properly relying on them in

reaching its judgment.

 Mother argues the trial court’s failure to formally admit the records was not prejudicial.

She argues even if the records were not formally admitted, they were constructively admitted

because they were marked as an exhibit, submitted to the court, and trial counsel used the records

to examine witnesses. Harris v. Divine, 272 S.W.3d 478, 483 (Mo. App. S.D. 2008).

 We agree. “Exhibits that are marked, identified, testified to regarding their contents, and

used in evidence are in evidence as if they had been formally introduced.” Id. Dr. Brunts’s

records were marked, identified, testified to, and used as evidence. Nothing in the record

suggests the trial court abused its discretion by constructively admitting and relying on Dr.

Brunts’s records. It appears the court’s failure to admit the records was an oversight and the

4
 Point III is impermissibly multifarious and violates Rule 84.04(d). It simultaneously alleges the trial court’s
judgment was against the weight of the evidence and an abuse of discretion. Each claim of error was distinct and
independent and required to be asserted in separate points relied on. Rule 84.04(d); Librach v. Librach, 575 S.W.3d
300, 307 (Mo. App. E.D. 2019). We nevertheless exercise our discretion to review Father’s claims ex gratia
because his argument is readily understandable. All Rule citations are to the Missouri Supreme Court Rules (2020),
unless otherwise indicated.

 13
court’s reliance on them was not against the logic of the circumstances, arbitrary, or

unreasonable. Schultz, 449 S.W.3d at 431.

 B. Dr. Simons and Hyland Behavioral

 Father argues Dr. Simons’s and Hyland Behavioral’s records should not have been

admitted because they are “replete with inadmissible hearsay,” no custodian of records was

present, and Mother did not comply with section 490.692 because she did not timely file a Notice

of Intent to introduce the records with the court or provide Father with copies of the records at

least seven days before trial.5 He concludes (1) the records should not have been admitted and

(2) the trial court’s reference to the records in its judgment overcomes this Court’s presumption

“the trial judge was not prejudiced by inadmissible evidence and was not influenced by it in

reaching a judgment.” State v. Dixon, 495 S.W.3d 812, 820 (Mo. App. S.D. 2016).

 Mother argues the Simons and Hyland Behavioral records were properly admitted

because she complied with the Business Records Act. Mother notes admissibility under section

490.692(2) does not depend on whether a Notice of Intent was timely filed, but whether the

records and supporting affidavits were served to all parties seven days before trial. Mother

asserts she provided the records to Father seven days before trial and concludes the court

therefore properly admitted them. Further, Mother argues the records Father challenges were

cumulative to other evidence admitted without objection and their exclusion would not have

changed the outcome.

 Trial courts have broad discretion to determine whether parties complied with the

Business Records Act and whether records are admissible under it. Alberswerth v. Alberswerth,

5
 Section 490.692(2) provides: “No party shall be permitted to offer such business records into evidence pursuant to
this section unless all other parties to the action have been served with copies of such records and such affidavit at
least seven days prior to the day upon which trial of the cause commences.”

 14
184 S.W.3d 81, 101-02 (Mo. App. W.D. 2006). Mother’s and Father’s conflicting claims about

whether the records were timely provided to Father are irreconcilable: both claims cannot be

true. The record does not demonstrate which party’s version of the facts is correct. However,

“when the trial court has made no specific findings on a factual issue, such findings are

interpreted as having been found in accordance with the trial court’s judgment.” Sulkin v. Sulkin,

619 S.W.3d 155, 160 (Mo. App. E.D. 2021). Because the records were admitted, we presume

the trial court believed Mother and disbelieved Father. We defer to the trial court’s credibility

determinations. Stuart, 292 S.W.3d at 514.

 Even if we assume, but not decide, Father is correct the trial court erred by admitting the

records of Dr. Simons and Hyland Behavioral because Mother failed to comply with the notice

requirements of section 490.692, we would not reverse the trial court. Father was not prejudiced

because there was other, overwhelming evidence in the record supporting the judgment. The

trial court could have properly reached its conclusion by relying solely on L.K.’s, Dr.

Glowinski’s,6 Dr. Brunts’s, and Mother’s credible testimony. As explained in Point I, Dr.

Brunts’s records and Dr. Glowinski’s records and testimony established L.K. has qualifying

disabilities under section 452.340.5. L.K.’s testimony connected his struggles with college to his

disabilities. Mother’s testimony established she kept Father informed of his financial obligations

to L.K. Dr. Simons’s and Hyland Behavioral’s records therefore were cumulative. Their

admission was not prejudicial because they were not outcome-determinative. Holdeman, 556

S.W.3d at 50.

 Point III is denied.

 Point IV: The Trial Court Properly Awarded Fees to Mother

6
 Father did not object to the admission of Dr. Glowinski’s testimony and records.

 15
 Father asserts the trial court improperly awarded Mother $26,871.06 in attorney’s fees at

trial.7 Father argues some of Mother’s fees were incurred litigating Father’s separate motion to

modify the dissolution judgment. Father concludes the trial court’s award was therefore an

abuse of discretion but cites no authority supporting his claim.8

 We disagree. The trial court has inherent authority and statutory authority to award

attorney’s fees under Mo. Rev. Stat. § 452.355. Section 452.355.1 provides the court may

consider the financial resources of both parties, the merits of the case, and the actions of the

parties during the pendency of the action. The trial court considered each of the statutory factors

and found they justified awarding fees to Mother. Father earns over ten times Mother’s annual

salary, Father’s position was meritless, and his repeated disobedience of court orders delayed

resolution of this litigation, imposing additional financial burdens on Mother. We will not

condone “conduct by a domestic relations litigant that unnecessarily increases the fees of the

opposing party.” Morgan v. Morgan, 497 S.W.3d 359, 380 (Mo. App. E.D. 2016).

 In most cases, “the trial court is better equipped to hear evidence and argument on

[attorney’s fees] and determine the reasonableness of the fee requested.” Berry v. Volkswagen

Grp. Of Am., Inc., 397 S.W.3d 425, 433 (Mo. banc 2013) (quoting Rosehill Gardens, Inc. v.

Luttrell, 67 S.W.3d 641, 648 (Mo. App. W.D. 2002)). We decline to disturb the trial court's fee

award because it is not “so arbitrary and unreasonable as to shock the sense of justice and

indicate a lack of careful consideration.” Limesand, 599 S.W.3d at 477.

7
 The trial court also awarded Mother $25,000 in fees to defend Father’s appeal in a separate action, appellate case
number ED109529 (“Le 2”).
8
 Point IV is impermissibly multifarious and violates Rule 84.04(d). It simultaneously alleges the trial court’s
judgment was not supported by substantial evidence, was against the weight of the evidence, and was an abuse of
discretion. Each claim of error was distinct and independent and required to be asserted in separate points relied on.
Rule 84.04(d); Librach, 575 S.W.3d at 307. Further, Father abandoned his substantial evidence and weight of the
evidence claims by failing to address them in his argument. We nevertheless exercise our discretion to review
Father’s abuse of discretion claim ex gratia because his argument is readily understandable.

 16
 Point IV is denied.

 Conclusion

 For the reasons stated above, the judgment is affirmed.

 _______________________________
 Philip M. Hess, Presiding Judge

Angela T. Quigless, Judge and
Colleen Dolan, Judge concur.

 17